IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,250-01






EX PARTE DEISSAC LAVAR HILLIARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F03-32061-MT IN THE 194TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and was sentenced to sixty years' imprisonment. The Fifth Court of Appeals
affirmed his conviction. Hilliard v. State, No. 05-06-01243-CR (Tex. App. - Dallas, December 7,
2007, no pet.)

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to request a hearing or properly object to the determination that Applicant was
competent to stand trial, after having been previously found incompetent by mental-health
professionals and by a jury. Counsel has provided an affidavit in which he indicates that Applicant's
incompetency was a result of mental retardation, rather than mental illness. However, the habeas
record contains neither the reports of the mental-health professionals who evaluated Applicant and
found him to be incompetent, nor the reports of the professionals who later determined that he had
been restored to competency.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of all reports detailing the
competence evaluations and determinations made by the mental-health professionals in this case,
including I.Q. scores, if any are known to exist. The trial court shall make findings of fact as to
whether Applicant's incompetence was based on mental illness, mental retardation, or both. The
trial court shall also make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 11, 2009

Do not publish